# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Brandon Farnsworth,

               Petitioner,     Case No. 16-cv-11108

v.                         Judith E. Levy
                              United States District Judge

Shawn Brewer,

                              Mag. Judge Stephanie Dawkins
               Respondent.  Davis

_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING PETITIONER LEAVE TO APPEAL *IN FORMA PAUPERIS* [1]

Petitioner Brandon James Farnsworth, incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction of first-degree criminal sexual conduct. MICH. COMP. LAWS § 750.520b(1)(a).

Respondent filed a motion to dismiss the petition, arguing the petition was barred because it was filed after the statute of limitations—

contained in 28 U.S.C. § 2244(d)(1)—had run.  (Dkt. 8.)  For the reasons stated below, the petition for a writ of habeas corpus is denied.

## I. Background

Petitioner pleaded guilty to two counts of first-degree criminal sexual conduct pursuant to plea agreement. On July 10, 2013, Petitioner was sentenced to concurrent sentences of forty to sixty years in prison. Petitioner did not file a direct appeal with the Michigan Court of Appeals.[1]

On January 21, 2014, Petitioner filed a motion for "post-appeal relief" with the trial court, stating that because he did not file a timely appeal, he was requesting a sentence reduction in this manner instead. (Dkt. 9-4.)  On March 4, 2014, the trial court denied Petitioner's motion pursuant to MICH. CT. R. 6.508(D), the rule governing post-conviction motions for relief from judgment.  (Dkt. 9-6.)  Petitioner did not appeal the denial of his post-conviction motion.

On October 22, 2015, Petitioner filed a motion for "relief from fines and costs," which was denied.  *People v. Farnsworth*, No. 13-004072-FC

---

[1] *See* Affidavit of Jerome W. Zimmer, Jr., Chief Clerk of the Michigan Court of Appeals, dated July 12, 2016.  (Dkt. 9-9.)  The affidavit states that Petitioner never filed any appeals from his criminal case.

(Jackson Cty. Cir. Ct. Oct. 23, 2015).  Petitioner did not appeal the denial of this motion.

On December 9, 2015, Petitioner filed a "motion to suppress statements," which the trial court denied as an improperly filed successive motion for relief from judgment.  (Dkt. 9-8.)  Petitioner did not appeal the denial of this motion.

Petitioner signed and dated his petition for writ of habeas corpus on March 15, 2016, and it was received by the Court on March 22, 2016.[2] Respondent filed a motion to dismiss the petition, arguing that the petition was filed after the statute of limitations had run.

## II. Analysis

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute of limitations on petitions for habeas relief. 28 U.S.C. § 2244(d).  AEDPA provides that:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—

---

[2] Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on March 15, 2016, the date that it was signed and dated. *See Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999).

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*  Although not jurisdictional, AEDPA's one-year limitations period "effectively bars relief absent a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence." *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009).  Thus, a petition should be dismissed if it was not filed within the one-year statute of limitations period.  *Id.* at 261.

The limitations period begins to run when a petitioner's conviction becomes "final."  *Williams v. Wilson*, 149 F. App'x 342, 345 (6th Cir. 2005).  A conviction becomes final when direct review by the state court ends or when the time to seek direct review expires, whichever comes later.  *Wilberger v. Carter*, 35 F. App'x 111, 115 (6th Cir. 2002).

4

Here, Petitioner was sentenced on July 10, 2013. He then had six months after sentencing to file an application for leave to appeal with the state courts. MICH. CT. R. 7.205(G)(3). Petitioner did not file a direct appeal from his conviction and sentence. Thus, Petitioner's conviction became final six months after sentencing, when the time limit for filing a direct appeal expired. *See Wilberger*, 35 F. App'x at 115 ("The one-year clock therefore started ticking when [Petitioner's] time expired for him to seek [state court appellate review]."). Petitioner's conviction became final on January 10, 2014. Thus, he had until January 10, 2015, to file a habeas petition with this Court, unless the limitations period was tolled.

Petitioner's first post-conviction motion tolled the statute of limitations. Petitioner filed his first post-conviction motion at the trial court on January 21, 2014, after eleven days had elapsed under the statute of limitations. AEDPA provides that the time during which a properly-filed application for state post-conviction relief or other collateral review is pending shall not be counted towards the period of limitations. 28 U.S.C. § 2244(d)(2); *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003).

5

The trial court denied Petitioner's post-conviction motion on March 4, 2014. Petitioner had six months to file for leave to appeal the decision, but failed to do so. MICH. CT. R. 7.205. Because Petitioner did not appeal the denial of his post-conviction motion, the statute of limitations began running again after the six-month period to appeal ended, on September 4, 2014. *See, e.g.*, *Holbrook v. Curtin*, 833 F.3d 612, 619 (6th Cir. 2016) ("AEDPA's one-year statute of limitations was tolled during the period in which [the petitioner] could have, but did not, appeal . . . [the] denial of his motion for post-conviction relief.").

From September 4, 2014, Petitioner had three hundred and fifty four days, until August 24, 2015, to file his habeas petition or to otherwise toll the limitations period.

After the expiration of the limitations period, Petitioner filed two motions. First, on October 22, 2015, Petitioner filed a motion for "relief from fines and costs." Then, in December 2015, Petitioner filed a "motion to suppress statements." These two motions did not toll the statute of limitations. A state court post-conviction motion that is filed after the expiration of the limitations period cannot toll the limitations period

6

because there is no period left to be tolled. *Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003).

Although the AEDPA statute of limitations "is subject to equitable tolling in appropriate cases," this is not one of those cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" that prevented the timely filing of the habeas petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "However, the doctrine of equitable tolling is used sparingly by federal courts," *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010), and Petitioner has the burden to show that he is entitled to the equitable tolling of the limitations period. *Id.* Petitioner has not carried his burden.

Petitioner has not responded to the motion to dismiss. In his petition, however, he claims that he suffers from mental illness. Petitioner has not provided documentation of such an illness to the Court, but claims that he suffers from a "dissociative state/double personality disorder." (Dkt. 1 at 7.) At his sentencing, Petitioner's counsel indicated that Petitioner suffered from attention deficit disorder, bipolar disorder,

7

and possibly schizophrenia.  (Dkt. 9-3 at 5.)  The prosecutor replied that Petitioner had been evaluated, and the psychiatrist indicated that Petitioner was exaggerating his claims of mental illness.  (*Id.* at 7.)

A habeas petitioner's mental incompetence or incapacity may provide a basis for equitable tolling of the AEDPA's statute of limitations. *Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011).  To toll AEDPA's statute of limitations on the basis of mental incompetence, Petitioner must show that (1) he is mentally incompetent and (2) his mental incompetence caused his failure to comply with the AEDPA's statute of limitations.  *Id*. "[A] blanket assertion of mental incompetence is insufficient to toll the statute of limitations.  Rather, a causal link between the mental condition and untimely filing is required."  *Id*. (internal citation omitted). Thus, "the petitioner must demonstrate that the incompetence affected his or her ability to file a timely habeas petition." *Robertson*, 624 F.3d at 785.  Even so, "[m]ental incompetence is not a *per se* reason to toll a statute of limitations." *McSwain v. Davis*, 287 F. App'x 450, 456 (6th Cir. 2008).

Here, Petitioner is not entitled to equitable tolling on the grounds of mental incompetence for two reasons.  First, Petitioner has not alleged

that "he was incapacitated for the period in question and that his incapacitation prevented him from timely filing his position." *Ata*, 662 F.3d at 743. Second, Petitioner was able to pursue several collateral challenges to his conviction in the state courts, during the limitations period, while suffering from his alleged mental impairment. Thus, Petitioner has failed to show a causal connection between his mental illness and his ability to file a petition within the limitations period.

Finally, Petitioner has not claimed or made a showing of actual innocence such that the Court could consider the merits of his claim despite the statute of limitations' expiration. *McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924, 1932-33 (2013). Petitioner has not made a showing of actual innocence because he has not presented any new reliable evidence to establish that he was actually innocent of the crime charged. *See Ross v. Berghuis,* 417 F.3d 552, 556 (6th Cir. 2005). Accordingly, the petition is denied with prejudice.

The Court also denies Petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether the Court was correct in determining that Petitioner filed his habeas petition outside of the one-year limitations period. *See Grayson v. Grayson,* 185

F. Supp. 2d 747, 753 (E.D. Mich. 2002).   The Court will also deny petitioner leave to appeal *in forma pauperis* because the appeal would be frivolous. *Id.*

### III. Conclusion

For the reasons set forth above, the petition for writ of habeas corpus is DENIED WITH PREJUDICE.   Petitioner is DENIED a Certificate of Appealability.   Petitioner is DENIED leave to appeal *in forma pauperis*.

IT IS SO ORDERED.

Dated: March 27, 2017                    s/Judith E. Levy
Ann Arbor, Michigan                    JUDITH E. LEVY
                                         United States District Judge

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 27, 2017.

<u>s/Felicia M. Moses</u>
FELICIA M. MOSES
Case Manager

11